UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**25 CV 6675**
Case No.

------------------------------------------------------------X
RASHEED AHMAD,
Plaintiff,

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

-against-

CITY OF NEW YORK, METROPOLITAN TRANSPORTATION AUTHORITY,
Triborough Bridge and Tunnel Authority and
OFFICER BRIAN HU, in his individual and official capacity,

Defendants.
------------------------------------------------------------X

Plaintiff Rasheed Ahmad, residing in the Bronx, New York, respectfully alleges the following against the above-named Defendants, asserting claims under federal and New York State law based on clearly established constitutional rights, supported by cognizable claims and defenses as recognized under 42 U.S.C. §§ 1983, 1988, and 18 U.S.C. § 242 for deprivation of rights under color of law, with applicable precedent from the United States Supreme Court and New York appellate courts, including but not limited to protections guaranteed by Article I, Sections 6 and 12 of the New York State Constitution.

## PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1988, and 18 U.S.C. § 242, the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6 and 12 of the New York State Constitution, and New York State law, seeking redress for violations arising from an unlawful vehicle stop, prolonged legal proceedings, the infliction of emotional distress, and the denial of due process by the Triborough Bridge and Tunnel Authority ("TBTA"), the Metropolitan Transportation Authority ("MTA"), the New York City Police Department ("NYPD"), and Officer Brian Hu. These claims are grounded in clearly established federal and state constitutional protections against unlawful seizure, arbitrary enforcement, discriminatory practices, and deprivation of rights under color of law, and are supported by cognizable legal standards articulated in federal and state precedent including Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), Graham v. Connor, 490 U.S. 386 (1989), Terry v. Ohio, 392 U.S. 1 (1968), Broughton v. State, 37 N.Y.2d 451 (1975), Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir. 1984), and People v. Hinshaw, 35 N.Y.3d 427 (2020), as well as the New York State Constitution and related common law protections.

2. Plaintiff seeks compensatory damages, punitive damages, declaratory relief, injunctive relief, and other appropriate legal and equitable remedies as a result of the unlawful stop and issuance of fraudulent traffic citations by Officer Brian Hu on or about May 13, 2024, which were subsequently dismissed.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (federal question), 28 U.S.C. §1343 (civil rights), and 42 U.S.C. §§1983.

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Bronx, within this district.

## PARTIES

5. Plaintiff Rasheed Ahmad is a resident of the Bronx, New York, and at all times relevant was acting as trustee of Franswar Trust, the titleholder of the vehicle involved in the stop.

6. Defendant City of New York is a municipal entity responsible for the policies, practices, and conduct of its employees and law enforcement officers, including NYPD officers, and is also legally responsible, through its governance and oversight role, for the acts and omissions of TBTA officers operating within its jurisdiction.

7. Defendant Metropolitan Transportation Authority ("MTA") is a public benefit corporation created under New York Public Authorities Law. It operates and oversees the Triborough Bridge and Tunnel Authority ("TBTA"), which manages the Whitestone Bridge and other toll facilities.

8. Defendant Officer Brian Hu is a law enforcement officer employed by TBTA under the authority of the MTA, and at all relevant times was acting under color of law and within the scope of his employment.

## FACTS

9. On or about May 13, 2024, Plaintiff was unlawfully stopped and detained by Officer Brian Hu while transporting his three minor children to school in a vehicle lawfully titled to Franswar Trust. The stop occurred without any reasonable suspicion or probable cause, in direct violation of *Terry v. Ohio*, 392 U.S. 1 (1968), *People v. Hinshaw*, 35 N.Y.3d 427 (2020), and Article I, Sections 6 and 12 of the New York State Constitution. The detention lasted approximately one hour, during which Plaintiff's liberty was restricted without justification. As a result, Plaintiff and his children experienced a delay that interfered with their education and caused severe emotional distress. These events further support the finding that the officer's actions were not protected by qualified immunity and shocked the conscience under the Fourteenth Amendment.

10. Plaintiff was pulled over by Officer Brian Hu after crossing the Whitestone Bridge and entering the Bronx, as part of what was later announced by the Governor's Office as 'Operation Plate Check,' a state-led enforcement campaign disproportionately targeting alternative license plates. This campaign has been widely criticized as unconstitutional in its selective enforcement and discriminatory targeting of non-standard registrants, raising serious concerns under both federal and state constitutional protections against arbitrary enforcement and unequal treatment. (See Governor Hochul's July 2024 announcement: https://www.governor.ny.gov/news/operation-plate-check-governor-hochul-announces-results-enforcement-efforts-maintain-safer).

11. Despite Plaintiff presenting proper trust documentation and asserting his legal status and the trust's lawful ownership, Officer Hu ignored Plaintiff's paperwork, issued multiple citations, and directed the matter for adjudication in Queens, outside the jurisdiction of the stop—actions which constituted an abuse of process and violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 6 and 12 of the New York State Constitution. These actions lacked legal justification, shock the conscience under clearly established precedent such as Trezevant v. City of Tampa, and support the finding that Defendant Hu is not entitled to qualified immunity.

12. The citations included:

- 1214J1Q9HM (See Terry v. Ohio, 392 U.S. 1 (1968); People v. Hinshaw, 35 N.Y.3d 427 (2020); Article I, Sections 6 and 12 of the New York State Constitution)
- 1214J1Q9V2 (See Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir. 1984); Christy v. Elliott, 216 Ill. 31 (1905))
- 1214J1Q9ZG
- 1214J1QB2W
- 4427455667

13. These citations were later dismissed in full by the New York State Department of Motor Vehicles, Queens South Traffic Violations Bureau, on July 10, 2025, as reflected in the DMV disposition sheet. The dismissal reinforces Plaintiff's claim that the original stop and enforcement lacked probable cause or legal foundation and constitutes further evidence of unlawful enforcement in violation of federal and state constitutional standards. See Terry v. Ohio, 392 U.S. 1 (1968); People v. Hinshaw, 35 N.Y.3d 427 (2020); Article I, §§ 6 and 12 of the New York Constitution.

14. The criminal charge arising from the incident, under Docket No. 2024SQ006512, was dismissed by Queens Criminal Court as legally insufficient, further demonstrating the absence of probable cause and reinforcing Plaintiff's claims of unlawful detention and malicious prosecution under clearly established federal and state constitutional standards. This dismissal underscores the lack of legal justification for the prolonged legal process that followed, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments, as well as Article I, Sections 6 and 12 of the New York State Constitution.

15. Plaintiff was never formally arrested but was effectively subjected to a custodial detention without probable cause, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 6 and 12 of the New York State Constitution. He was compelled to defend himself against unlawful charges, despite the legal insufficiency of those charges, for over a year. The nature and length of this detention, combined with the absence of any valid legal basis, establish a violation of clearly established rights that no reasonable officer could have believed to be lawful, defeating any claim of qualified immunity. See Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir. 1984); People v. Hinshaw, 35 N.Y.3d 427 (2020).

16. These proceedings caused Plaintiff substantial and ongoing harm, including but not limited to emotional distress, reputational injury, financial losses from legal defense costs, deprivation of liberty, and disruption of familial obligations such as transporting his children to school. Defendant Officer Brian Hu, despite expressly stating he understood Plaintiff's lawful position, nevertheless declared his intent to issue the tickets and detain Plaintiff solely due to the private trust plate—acknowledging he could not lawfully impede Plaintiff's travel but proceeding "anyway" after using automatic license plate recognition to target the vehicle. The continued defense of these baseless charges, initiated without reasonable suspicion or probable cause, inflicted damages actionable under clearly established law. Plaintiff asserts these harms constitute cognizable injuries under federal law, including 42 U.S.C. §§ 1983 and 1988, 18 U.S.C. § 242, and under New York State law, including Article I, Sections 6 and 12 of the New York Constitution and relevant tort principles recognizing negligent infliction of emotional distress, malicious prosecution, and abuse of process.

17. Plaintiff timely filed a Notice of Claim with the Comptroller under BLA Claim No. 2024PI021445 pursuant to General Municipal Law § 50-e and CPLR Article 2, and submitted a corrected errata sheet on July 28, 2025. These filings preserved Plaintiff's right to pursue all related state law claims and served to notify the municipal and state defendants of the underlying factual and legal basis for this action, consistent with due process requirements and federal notice pleading standards.

18. The facts here show a repeated, malicious, and retaliatory enforcement practice that offends both federal and New York State constitutional guarantees, including Article I, Sections 6 and 12 of the New York State Constitution, which protect against unreasonable searches and seizures and guarantee due process of law. These practices violate clearly established rights recognized under federal and state precedent, including Terry v. Ohio, 392 U.S. 1 (1968), Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir. 1984), and People v. Hinshaw, 35 N.Y.3d 427 (2020), and are not shielded by qualified immunity due to the egregious nature of the constitutional deprivations involved.

19. The vehicle stop was effectuated without reasonable suspicion or probable cause, contravening *Terry v. Ohio*, 392 U.S. 1 (1968), and *People v. Hinshaw*, 35 N.Y.3d 427 (2020), which prohibit stops based on mere hunches or incorrect legal assumptions. Additionally, such conduct violated Article I, Sections 6 and 12 of the New York State Constitution, which protect against unlawful searches, seizures, and deprivation of liberty without due process. These constitutional provisions reinforce the legal prohibition against arbitrary and unjustified police stops in New York.

20. In *Christy v. Elliott*, 216 Ill. 31 (1905), the Illinois Supreme Court held that the use of a personal vehicle for private travel is not a privilege subject to licensing but a common right. Plaintiff's use of a trust-owned, non-commercial vehicle falls under similar legal protection, consistent with New York law recognizing property and privacy rights. The citations issued under a commercial enforcement pretext violate this principle and reflect a systemic abuse of discretion, contravening both federal and New York State constitutional protections under the Fourth and Fourteenth Amendments, and Article I, Sections 6 and 12 of the New York State Constitution.

These actions are also actionable under 42 U.S.C. § 1983 and are not shielded by qualified immunity due to the clearly established nature of the rights involved.

21. Plaintiff was never pulled over for a traffic violation. His private plate was used as a pretext for harassment, in clear violation of both federal and New York State constitutional protections against arbitrary enforcement and unreasonable searches. Though the plate posed no public safety risk, Defendants acted pursuant to a retaliatory policy often described as a "war on plates," which lacks a lawful foundation and constitutes a targeted campaign of intimidation against private vehicle owners. These actions contravened established precedent under Terry v. Ohio, 392 U.S. 1 (1968), People v. Hinshaw, 35 N.Y.3d 427 (2020), and Article I, Sections 6 and 12 of the New York State Constitution.

22. In *Trezevant v. City of Tampa*, 741 F.2d 336 (11th Cir. 1984), the court held that a brief detention without probable cause—less than one hour—justified a $25,000 award, reinforcing the principle that even short-term liberty deprivations demand meaningful constitutional scrutiny and redress. In this case, Plaintiff's detention lasted nearly an hour, involved three minor children, and resulted in prolonged legal consequences, warranting even greater damages under clearly established federal and state law.

## CLAIMS FOR RELIEF

## UNLAWFUL SEIZURE UNDER THE FOURTH AMENDMENT
## (42 U.S.C. § 1983)

23. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

24. By stopping and detaining Plaintiff without probable cause or reasonable suspicion, Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, §§ 6 and 12 of the New York State Constitution, which collectively protect individuals from unlawful searches, seizures, and deprivation of liberty without due process. These actions constituted a cognizable violation under federal and New York State law, as reaffirmed in Terry v. Ohio, 392 U.S. 1 (1968), and People v. Hinshaw, 35 N.Y.3d 427 (2020), and are actionable under 42 U.S.C. § 1983.

25. Defendant Hu's actions were objectively unreasonable under clearly established federal and New York State law and not protected by qualified immunity. The stop and detention lacked probable cause and contravened clearly established precedent under Terry v. Ohio, 392 U.S. 1 (1968); People v. Hinshaw, 35 N.Y.3d 427 (2020); and Article I, Sections 6 and 12 of the New York State Constitution. These constitutional violations are cognizable under 42 U.S.C. § 1983 and are not shielded by any good-faith exception or discretionary immunity defense.

## COUNT II
## DENIAL OF DUE PROCESS (FOURTEENTH AMENDMENT)

26. Plaintiff repeats and realleges all preceding paragraphs.

27. Defendants violated Plaintiff's due process rights by initiating citations outside the lawful jurisdiction, causing him to defend against legally insufficient and retaliatory charges, in direct

contravention of clearly established federal and New York State law, including the Fourteenth Amendment and Article I, Sections 6 and 12 of the New York State Constitution. Such conduct constitutes a cognizable due process violation, actionable under 42 U.S.C. § 1983, and is further substantiated by judicial precedent including *Trezevant v. City of Tampa*, *People v. Hinshaw*, and *Christy v. Elliott*, which collectively affirm that arbitrary enforcement, unlawful seizure, and denial of liberty without lawful justification violate both federal and state guarantees of due process and equal protection.

28. The actions of Defendants shocked the conscience and constituted a denial of liberty and property without due process in violation of the Fourteenth Amendment and Article I, Sections 6 and 12 of the New York State Constitution, both of which protect against arbitrary detention, unlawful seizure, and deprivation of rights without due process. These protections are well-established and enforceable under both federal and state law.

## COUNT III
## MUNICIPAL LIABILITY UNDER MONELL (42 U.S.C. § 1983)

29. Plaintiff repeats and realleges all preceding paragraphs.

30. The violations were not isolated but stemmed from a custom, policy, or practice of the MTA, TBTA, and NYPD to improperly stop vehicles with alternative plates, in violation of federal and New York State constitutional rights, including the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 6 and 12 of the New York State Constitution. These coordinated actions give rise to municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and actionable claims under 42 U.S.C. § 1983 and related state law doctrines.

31. The MTA and City of New York failed to train or supervise Officer Hu and other TBTA agents to respect clearly established constitutional limits, thereby causing or contributing to the harm. This failure reflects deliberate indifference to federally protected rights under 42 U.S.C. § 1983, and constitutes municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), as well as negligence under New York State law. Their lack of training and oversight foreseeably led to unconstitutional stops, searches, and detentions, in violation of both federal and New York State constitutional guarantees, including Article I, Sections 6 and 12 of the New York State Constitution.

## COUNT IV — NEGLIGENCE AND GROSS NEGLIGENCE

32. Defendants owed Plaintiff a duty to act in accordance with state and federal law, including protections under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 6 and 12 of the New York State Constitution, as well as statutory obligations under 42 U.S.C. § 1983 and applicable case law. Their breach of this duty constitutes a cognizable legal violation under both federal and state standards, as articulated in Trezevant v. City of Tampa, People v. Hinshaw, and Graham v. Connor.

33. By unlawfully detaining, citing, and subjecting Plaintiff to improper proceedings without probable cause, Defendants acted negligently and with gross disregard for Plaintiff's rights, violating clearly established rights protected under both federal and New York State law. These

actions constitute cognizable claims under 42 U.S.C. § 1983, Article I, Sections 6 and 12 of the New York State Constitution, and applicable common law principles. Defendants' conduct was unreasonable, arbitrary, and not entitled to qualified immunity, as recognized in Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir. 1984), People v. Hinshaw, 35 N.Y.3d 427 (2020), and Graham v. Connor, 490 U.S. 386 (1989).

### COUNT V — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Defendants' conduct was extreme, outrageous, and intended to cause Plaintiff severe emotional distress, constituting a cognizable claim under federal and New York State law. Their actions violated clearly established constitutional protections as articulated in Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir. 1984), Broughton v. State, 37 N.Y.2d 451 (1975), and Graham v. Connor, 490 U.S. 386 (1989), and shocked the conscience under the Fourteenth Amendment and Article I, Sections 6 and 12 of the New York State Constitution.

35. Plaintiff suffered emotional injury, humiliation, disruption of familial duties, and reputational damage, all of which constitute cognizable harm under both federal and New York State law. These injuries are actionable pursuant to 42 U.S.C. § 1983 and applicable state tort law principles recognizing claims for intentional and negligent infliction of emotional distress. See Trezevant v. City of Tampa, 741 F.2d 336 (11th Cir. 1984); Broughton v. State, 37 N.Y.2d 451 (1975).

### COUNT VI — ABUSE OF PROCESS

36. The issuance of multiple tickets and the initiation of criminal proceedings without legal basis or probable cause constituted an abuse of process, in violation of clearly established federal and New York State constitutional and statutory protections. These actions were arbitrary, retaliatory, and devoid of legal merit, and give rise to cognizable claims under 42 U.S.C. § 1983, Article I, Sections 6 and 12 of the New York State Constitution, and New York common law. See Cook v. Sheldon, 41 F.3d 73 (2d Cir. 1994); Broughton v. State, 37 N.Y.2d 451 (1975).

37. Defendants used legal process for improper purposes, including harassment, retaliation, oppression under color of law, and deprivation of property, in violation of both federal and New York State law. Such conduct constitutes abuse of process under New York common law, deprivation of due process under the Fourteenth Amendment and Article I, Section 6 of the New York State Constitution, and shocks the conscience within the meaning of substantive due process jurisprudence. The initiation and maintenance of proceedings without probable cause, in a retaliatory and discriminatory manner—particularly where officers used their badge and authority to intentionally suppress lawful travel—also give rise to cognizable claims under 42 U.S.C. § 1983, supported by precedent including Cook v. Sheldon, 41 F.3d 73 (2d Cir. 1994), Broughton v. State, 37 N.Y.2d 451 (1975), and Graham v. Connor, 490 U.S. 386 (1989).

### COUNT VII — INJUNCTIVE AND DECLARATORY RELIEF

38. Plaintiff seeks a declaration that the stop and citations were unlawful, and further requests injunctive relief directing that future stops of Plaintiff by Defendants, including the TBTA, MTA, and NYPD, cease unless supported by reasonable suspicion and probable cause, and not

merely based on the presence of a trust-owned or private plate, in accordance with federal and New York State constitutional protections.

39. Plaintiff seeks an injunction prohibiting the continued enforcement of traffic laws in a discriminatory and retaliatory manner targeting trust-held vehicles or alternative license plates, in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 6 and 12 of the New York State Constitution, and as further articulated in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), Terry v. Ohio, 392 U.S. 1 (1968), and People v. Hinshaw, 35 N.Y.3d 427 (2020). Plaintiff further asserts that TBTA Officer Brian Hu, despite acknowledging his understanding of Plaintiff's legal position and that he could not lawfully prevent Plaintiff's travel, stated his intent to initiate tickets solely based on the presence of a trust plate, even after confirming plate information via automatic license plate recognition, and indicated he would continue such stops without legitimate cause, thereby evidencing an ongoing pattern of harassment and selective enforcement that warrants injunctive relief.

## COUNT VIII — DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (18 U.S.C. § 242)

40. Officer Brian Hu, acting under color of law and official authority as a TBTA officer, willfully subjected Plaintiff to the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments, in violation of clearly established federal precedent and New York State law. These actions are cognizable under 42 U.S.C. § 1983 and 18 U.S.C. § 242, as they constituted an unlawful seizure without probable cause (Terry v. Ohio, 392 U.S. 1), an abuse of authority that shocked the conscience (Graham v. Connor, 490 U.S. 386), and a violation of due process and equal protection under the Fourteenth Amendment and Article I, Sections 6 and 12 of the New York State Constitution.

41. These actions were malicious and willful, in disregard of clearly established law, and justify both criminal sanctions and civil liability under articulated federal precedent and New York State law. Under 42 U.S.C. § 1983 and 18 U.S.C. § 242, such conduct constitutes a deprivation of rights under color of law, and Article I, Sections 6 and 12 of the New York State Constitution further confirm the cognizability of these claims in state court. Precedents including *Trezevant v. City of Tampa*, *Graham v. Connor*, and *People v. Hinshaw* demonstrate the clearly established nature of the rights violated and support Plaintiff's demand for redress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in the amount of $1,750,000, covering emotional distress, loss of liberty, reputational harm, and disruption of familial duties, as cognizable under both federal and New York State law;

B. Award punitive damages against the individual defendant in the amount of $3,000,000, based on clearly established constitutional violations and willful misconduct under 42 U.S.C. § 1983 and related precedent;

C. Issue a declaratory judgment that Plaintiff's constitutional rights under the Fourth and Fourteenth

Amendments of the U.S. Constitution and Article I, Sections 6 and 12 of the New York State Constitution were violated;

D. Grant injunctive relief prohibiting further discriminatory or retaliatory enforcement of traffic laws targeting trust-held vehicles and alternative license plates, pursuant to clearly established principles under Monell, Graham, Terry, and Hinshaw;

E. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and applicable state law;

F. Grant such other and further relief as this Court deems just and proper, including equitable or prospective relief consistent with established legal standards.

Dated: July 28, 2025
Bronx, New York

Respectfully submitted,

Rasheed Ahmad
Plaintiff, Pro Se..

## PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation);
(2) the claims are supported by existing law or by a nonfrivolous argument to change existing law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Dated** 8/11/25       **Plaintiff's Signature** _[signed]_

**First Name** Rasheed   **Middle Initial** A.   **Last Name** Ahmad

**Street Address**  3482 Boston Rd, Suite 690327
| **County, City** | Bronx, New York | **State** | NY | **Zip Code** | 10469 |

| **Telephone Number** | (838) 207-2303 | **Email Address** | legalresearchtrust@gmail.com |

**I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:**
☑ Yes ☐ No