UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**25 CV 6675**

-----------------------------------------------------------X

**Rasheed Ahmad,**

                         Plaintiff,

-against-

**THE CITY OF NEW YORK,**
**METROPOLITAN TRANSPORTATION AUTHORITY.**
**Triborough Bridge and Tunnel Authority,**
**OFFICER BRIAN HU, in his individual and official capacity,**
Defendants.

-------------------------------------X

Case No.

Unjust Harassment and Repeated Legal

Violations Against Rasheed Ahmad

### Introduction

This document serves as an official statement detailing the numerous instances where Rasheed Ahmad has faced unwarranted legal actions, despite the lack of substantial charges or convictions. The continued scrutiny and harassment by law enforcement authorities have caused undue hardship and infringed upon constitutionally protected liberties under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. These actions also violate clearly established federal rights as recognized in *United States v. Lanier*, 520 U.S. 259 (1997), which permits liability for state actors under 42 U.S.C. § 1983, and state-level protections afforded under New York Civil Rights Law § 8 and the due process and equal protection guarantees of the New York Constitution, Article I, §§ 6 and 11.

### Pattern of Legal Harassment and Non-Chargeable Cases

Upon reviewing the Certificates of Disposition from various New York courts, it is evident that Mr. Ahmad has been subjected to multiple legal proceedings that have ultimately been dismissed, found legally insufficient, or sealed under CPL 160.50. These repeated prosecutions constitute harassment, violate due process, and contravene clearly established constitutional rights under federal and state law. As held in *United States v. Lanier*, 520 U.S. 259 (1997), public officials may be held liable under 42 U.S.C. § 1983 for violating rights that are clearly established. Additionally, *People v. Biggs*, 1 NY3d 225 (2003), and CPL 40.20 of New York law forbid successive prosecution for the same or similar offenses, which Mr. Ahmad has endured. The following key points highlight the improper and unconstitutional legal treatment he has suffered:

1. **Queens Criminal Court (Docket No: 2024SQ006512)**

   - Charge: VTL § 511.2(a) – Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree (Unclassified Misdemeanor), a violation of New York Vehicle and Traffic Law, which criminalizes operating a vehicle while knowing that one's license is suspended and having a prior AUO conviction.

   - Disposition: **Dismissed - Legally Insufficient**

2. **Kings Criminal Court (Docket No: CR-023991-22KN)**

    - Disposition: **All charges dismissed pursuant to CPL 170.30(1)(e) for violation of New York's statutory speedy trial rights; matter sealed pursuant to CPL 160.50. These dismissals reflect a failure of the prosecution to proceed in a timely and lawful manner, and confirm the charges lacked sufficient legal merit.**
    - Date: 12/02/2022

3. **Nassau District Court (Docket No: CR-009537-23NA)**

    - Disposition: **Charge for Aggravated Unlicensed Operation reduced to a lesser violation; remaining charges dismissed or sealed pursuant to CPL 160.50. This disposition reflects prosecutorial discretion acknowledging insufficient evidence or mitigating circumstances to proceed with full criminal prosecution.**
    - Dates: 05/16/2023, 09/11/2023, 10/16/2023

4. **Bronx Criminal Court (Docket No: CR-004946-24BX)**

    - Disposition: **All charges dismissed under CPL 170.30(1)(e), Sealed 160.50**
    - Date: 05/24/2024

5. **Queens Criminal Court (Docket No: CR-008049-25QN)**

    - Charges: Penal Law § 170.20 – Criminal Possession of a Forged Instrument in the Third Degree (Class A Misdemeanor); Penal Law § 195.05 – Obstructing Governmental Administration in the Second Degree (Class A Misdemeanor); Vehicle and Traffic Law § 511.01(a) – Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree (Unclassified Misdemeanor); Vehicle and Traffic Law § 509.1 – Operation of a Motor Vehicle Without a Valid Driver's License (Traffic Infraction)
    - Disposition: **All charges dismissed (Speedy Trial CPL 170.30(1)(e)), Sealed 160.50**
    - Date: 05/30/2025

6. **Bronx Criminal Court (Docket No: 2023SX013358)**

    - Charge: VTL § 1212 – Reckless Driving, an unclassified misdemeanor under New York Vehicle and Traffic Law, prohibiting the operation of a motor vehicle in a manner that unreasonably endangers users of the public highway.
    - Disposition: **Dismissed/Failure to Prosecute**
    - Date: 09/26/2023

7. **DMV Traffic Tickets**

    - Ticket No: B23B012875 – Unregistered Vehicle > 60 Days
        - Violation Date: 02/22/2024, Bronx – **Dismissed on 04/11/2025**
    - Ticket No: B24Y001771 – Operate Without Insurance

- Violation Date: 02/22/2024, Bronx – **Dismissed on 04/11/2025**
- Ticket No: B24Y001774 – Unlicensed > 60 Days
    - Violation Date: 02/22/2024, Bronx – **Dismissed on 04/11/2025**

## Legal Argument: Double Jeopardy & Abuse of Process

The continued pursuit of Mr. Ahmad under the same or substantially similar allegations violates the **Double Jeopardy Clause** of the Fifth Amendment to the U.S. Constitution, as incorporated against the states through the Fourteenth Amendment, and New York's statutory protections under CPL § 40.20(2). See *North Carolina v. Pearce*, 395 U.S. 711 (1969); *People v. Biggs*, 1 N.Y.3d 225 (2003).

Relevant federal and state precedents:

- **Hudson v. United States**, 522 U.S. 93 (1997): Reaffirmed that multiple punishments for the same offense are unconstitutional.
- **People v. Biggs**, 1 NY3d 225 (2003): Prohibits repetitive prosecution.
- **People v. Gribben**, 164 A.D.2d 944 (2d Dept 1990): Driving without a license is a lesser included offense of aggravated unlicensed operation.
- **United States v. Lanier**, 520 U.S. 259 (1997): Liability under § 1983 for violation of clearly established rights.
- **Monell v. Dep't of Soc. Servs.**, 436 U.S. 658 (1978): Municipal liability for policies/customs causing rights violations.

## Conclusion & Demand for Relief

The legal system has repeatedly found the allegations against Mr. Ahmad to be unsubstantiated or dismissed. The continued targeting and harassment violate:

- **Fifth and Fourteenth Amendments** (due process, equal protection, double jeopardy)
- **New York Civil Rights Law § 8**
- **New York Constitution, Article I, §§ 6 and 11**
- **42 U.S.C. § 1983** for constitutional rights violations

We demand:

1. Immediate cessation of unwarranted legal actions.
2. Expungement of all sealed records.
3. Legal protection from future targeting.
4. Federal and state judicial review of enforcement patterns.
5. Compensatory and injunctive relief.

Failure to address these ongoing violations will warrant further legal proceedings under the principles established in *United States v. Lanier*, 520 U.S. 259 (1997), which holds public officials liable under 42 U.S.C. § 1983 for violations of clearly established rights, and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which permits municipal liability for unconstitutional policies and customs. These violations also implicate New York state protections under CPL § 40.20, the New York Constitution Article I, §§ 6 and 11, and New York Civil Rights Law § 8, providing parallel grounds for redress in state court proceedings.

Dated: August 11, 2025

Respectfully Submitted,

/s/Rasheed Ahmad
Rasheed Ahmad (Pro Se)
3482 Boston Rd, Suite 690327
Bronx, NY 10469
(838) 207-2303
Legalresearchtrust@gmail.com